FILED
United States Court of Appeals
Tenth Circuit

August 4, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

JOHNNY EDWARD SMITH, a/k/a
"Tick," a/k/a "Little Johnny,"

Defendant‑Appellant.

No. 09-7038
(D.C. No. 6:08-CR-00025-FHS-1)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HARTZ**, Circuit Judges.

---

Pursuant to a plea agreement, Johnny Edward Smith pleaded guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and agreed to forfeit $4,000,000.00 under 21 U.S.C. § 853. He was sentenced to 292 months' imprisonment. Although the plea agreement contained a waiver of his appellate rights, Mr. Smith filed a pro se notice of appeal.

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government has moved to enforce the plea agreement based on Mr. Smith's appellate waiver. Under *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), we will enforce an appellate waiver if (1) the "appeal falls within the scope of the waiver of appellate rights;" (2) "the defendant knowingly and voluntarily waived his appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* at 1325. Mr. Smith, through his appointed counsel, concedes all three.

Accordingly, we GRANT the government's motion to enforce and DISMISS this appeal.

ENTERED FOR THE COURT
PER CURIAM